# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KEITH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV620-085 |
| | ) |
| WARDEN ROBERT ADAMS, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Keith Turner brings this 42 U.S.C. § 1983 action against Robert Adams, Jr., Warden at Jenkins Correctional Center. Doc. 1. The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms, docs. 6 & 7. Before the Court is his motion to amend his Complaint. Doc. 10. His Complaint is also due to be screened pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.

## I.     BACKGROUND

Turner filed his initial Complaint against Adams, alleging that he "violated the procedure that governs the grievance process" by failing to respond to his grievance within the time required. Doc. 1 at 3. Turner argues that, after he turned his grievance into the case manager, Adams did not respond within 40 calendar days, therefore denying him his First, Fourth, and Fourteenth Amendment rights. *Id*. at 5. At no point does he indicate the problem underlying his grievance, his only complaints are about the grievance process itself. *Id*. He seeks $2,500,000 in punitive damages and injunctive relief. *Id*. at 6.

Turner filed a Motion to Amend his Complaint, seeking to add Deputy Warden Doug Williams, "State Monitor" Shawn Sikes, "Unit Manager" Ms. Eady, "Grievance Coordinator" Diane Hinton, and "Alternate Grievance Coordinator" Miss Gaskins. Doc. 10 at 1. According to Turner, Sikes told him that he'd be put in for a transfer if he agreed to "sign[ ] off this grievance stating that it was handled at the institutional level." *Id*. at 1-2. Sikes made this alleged offer in the presence of Williams and Eady, after telling the two grievance coordinators, Hinton and Gaskin, to leave the room. *Id*. Turner

2

complains that Sikes has not followed through with the offer to transfer, and that Williams and Eady failed to stop Sikes from manipulating him in violation of policies and procedures. *Id.* at 2. He further complains that Hinton and Gaskins failed to do their jobs as grievance coordinators. *Id.* Again, he does not indicate the underlying problem that he was attempting to address with his grievance. *Id.* at 1-2.

## II. ANALYSIS

As an initial matter, the Court takes up Turner's Motion to Amend his Complaint. Doc. 10. A plaintiff may file an amended complaint once as a matter of course within twenty-one days of service of the original complaint or within twenty-one days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. *See* Fed. R. Civ. P. Rule 15(a); *see also Brown v. Johnson*, 387 F.3d 1344, 1348-49 (11th Cir. 2004). Turner's Complaint has not yet been served, and no responsive pleading or Motion has been filed. *See generally* docket. His Motion to Amend is, therefore, **GRANTED**. Doc. 10. As he set forth the facts supporting his request to add the five new defendants, the Court will construe the filing

as the proposed Amended Complaint, and will screen it, together with the original Complaint, pursuant to 28 U.S.C. § 1915A.[1]

Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Pleadings drafted by *pro se* litigants must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

All of Turner's allegations are about how his grievance was mishandled by prison officials. *See* doc. 1, doc. 10. He claims that the defendants violated Georgia Department of Corrections policies and procedures related to the grievance process. *See, e.g.,* doc. 10 at 2. These

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

4

allegations do not—and, indeed, cannot—form the basis for a viable constitutional claim.

A "prison grievance procedure does not provide an inmate with a constitutionally protected interest." *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.") (quotes omitted); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"). Meaning, even assuming Turner's allegations are true, as the Court must at this juncture, and the officials at Jenkins Correctional Center did mishandle his grievances, he "has no constitutionally-protected liberty interest in access to that procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

## III.  CONCLUSION

In summary, Turner's Motion to Amend is **GRANTED**, doc. 10. His Complaint, as amended, should be **DISMISSED**. Docs. 1 & 10. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $120.83 over the six-month period prior to the date of his Prison Account Statement. Doc. 7. He therefore owes a $24.16 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[2]

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service,

---

[2] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 10th day of September, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA